UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5613 PA (SKx) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Tila Eaton v. Subaru of America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Leave to File First Amended Complaint ("Motion to Amend") (Docket No. 23) and a Motion to Remand (Docket No. 24) filed by plaintiff Tila Eaton ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for November 18, 2019, is vacated, and the matters taken off calendar.

Plaintiff commenced this action in Los Angeles Superior Court on May 28, 2019. Plaintiff's original Complaint alleges a single claim against defendant Subaru of America, Inc. ("Subaru") pursuant to California's Song-Beverly Consumer Warranty Act. Subaru removed the action to this Court on June 27, 2019, based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Plaintiff now seeks leave to file a First Amended Complaint ("1st AC") to add as a defendant Universal Auto Group, which does business as Subaru of Glendale ("Subaru of Glendale"). Plaintiff's proposed 1st AC asserts claims: (1) for breach of express warranty under the Song-Beverly Consumer Warranty Act against Subaru; (2) breach of implied warranty against Subaru and Subaru of Glendale; and (3) negligence against Subaru and Subaru of Glendale. According to the proposed 1st AC, Subaru of Glendale, like Plaintiff, is a citizen of California.

Except within 21 days of either serving a pleading or being served with a responsive pleading, a plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because this action was removed based on diversity jurisdiction, Plaintiff's Motion to Amend is governed by 28 U.S.C. § 1447(e), which states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5613 PA (SKx) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Tila Eaton v. Subaru of America, Inc. | | |

          may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e); see also Buttons v. NBC, Inc., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (holding that 28 U.S.C. § 1447(e) applies to diversity-destroying motions to amend filed after removal). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." Walsh v. Home Depot U.S.A., Inc., No. C-06-4207 SC, 2006 WL 2884411, at *2 (N.D. Cal. Oct. 10, 2006) (citing H.R. Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S.C.C.A.N. 6033). The statute vests the district court with substantial discretion in determining whether joinder is appropriate. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); see also Stevens v. Brinks Home Sec., Inc., 378 F.3d 944, 948 (9th Cir. 2004) (holding that "the district court's order permitting the plaintiffs to amend the complaint to add non-diverse defendants . . . is not a final order reviewable on appeal under 28 U.S.C. § 1291; nor is it reviewable as a collateral order. The district court's remand order, issued pursuant to 28 U.S.C. § 1447(e) is barred from appellate review by 28 U.S.C. § 1447(d).").

          In evaluating whether to permit or deny diversity-destroying joinder, the district court may consider: (1) whether the party could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiffs from bringing an action against the new defendants in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) the merits of the claims against the new defendants; and (6) the potential for prejudice. See IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases); see also Newcombe, 157 F.3d at 691 (holding that evaluation of joinder under § 1447(e) requires the district court to "balance the equities" and consider the potential for prejudice to both parties).

          Here, Subaru has not filed a timely Opposition to the Motion to Amend or the Motion to Remand. See Local Rule 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). Because Subaru has not filed an Opposition to either Motion, and the balance of equities favors granting Plaintiff leave to amend at this early stage of the litigation, the Court grants the Motion to Amend and orders the Clerk to file the 1st AC. Because the parties named in the 1st AC are not diverse, the Court remands this action to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5613 PA (SKx) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Tila Eaton v. Subaru of America, Inc. | | |

Los Angeles Superior Court, Case No. 19LBCV00333, for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c) & (e).

   IT IS SO ORDERED.